FILED

2021 May-06  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TEDD WILSON,** | } | |
| | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| | } | |
| **v.** | } | **Case No.:  5:20-cv-00324-MHH** |
| | } | |
| | } | |
| **STATE FARM GENERAL** | | |
| **INSURANCE COMPANY,** | | |
| | | |
| **Defendant.** | | |

## MEMORANDUM OPINION AND ORDER

Mr. Wilson, proceeding without an attorney, has asked the Court to reconsider its decision to enter judgment in favor of State Farm and against him on his breach of contract and bad faith failure to pay claims.  (Doc. 39).  Federal Rule of Civil Procedure 59(e) governs motions for reconsideration.  "The Rule enables a party to request that a district court reconsider a just-issued judgment."  *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020).

The bar for reconsideration is high.  A party may not use a motion to reconsider judgment "to relitigate old matters, raise [new] argument or present evidence that could have been raised prior to the entry of judgment." *Hasanti v. Sec'y, Fla. Dep't of Corr.*, 729 Fed. Appx. 912, 913 (11th Cir. 2018) (quoting *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010)) (alterations in original omitted); *see also Banister*, 140 S.Ct. at 1703 (explaining that when examining a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly" to foster "the interests of finality and conservation of scarce judicial resources." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).  A litigant's remedy if he thinks a "district court['s] ruling [is] wrong, [is] to appeal." *Jacobs*, 626 F.3d at 1344.

A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).  The rule provides "no possibility of an extension." *Banister*, 140 S.Ct. at 1703; *see also* FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under" Rule 59(e)).  "The general rule for computing time limitations in federal courts is Federal Rule of Civil

Procedure 6(a) which provides that '[i]n computing any period of time prescribed or allowed by these rules . . ., the day of the act, event, or default from which the designated period of time begins to run shall not be included.'" *Moore v. Campbell*, 344 F.3d 1313, 1319 (11th Cir. 2003) (quoting FED. R. CIV. P. 6(a)).  In other words, "[t]he day of the event that triggers the deadline is not counted." *See* FED. R. CIV. P. 6, 2009 Amendment, Subdivision (a)(1).

The Court entered its memorandum opinion and final judgment on March 31, 2021.  (Docs. 37, 38).  Mr. Wilson then had 28 days, until April 28, 2021, to file his motion for reconsideration.  But Mr. Wilson's motion for reconsideration was not docketed until April 29, 2021.  (Doc. 39, p. 1).  Accordingly, Mr. Wilson's motion is untimely.

The Court notes that Mr. Wilson, who is proceeding *pro se* and without access to the PACER court filing system, postmarked his motion for reconsideration on April 28, 2021.  (*See* Doc. 39-1, p. 1).  The Eleventh Circuit Court of Appeals has explained that "[t]he 'mailbox rule' allows a *pro se* prisoner's filings to be dated as of the date the prisoner delivers it to prison authorities or places it in the prison mail system." *Wells v. Cramer*, 262 Fed. Appx. 184, 185–86 (11th Cir. 2008) (citing *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999)).  But this rule "is intended to put incarcerated *pro se* litigants on equal footing with other litigants and produce fairness for purposes of compliance with federal court filings." *Williams v.*

*Russo*, 636 Fed. Appx. 527, 531 (11th Cir. 2016).  "The mailbox rule only applies to (1) court filings (2) submitted by *pro se* prisoners."  *Russo*, 636 Fed. Appx. at 531; *see also Boatman v. Berreto*, 938 F.3d 1275, 1276 (11th Cir. 2019) (extending prison mailbox rule to civilly committed persons).  Because Mr. Wilson is not incarcerated, the Court cannot give him the benefit of the mailbox rule under *Russo*.

The Court has reviewed Mr. Wilson's motion for reconsideration carefully and is sympathetic to his frustration with the State Farm claims process and this litigation.  But many of Mr. Wilson's arguments repeat those he made before the Court entered judgment for State Farm.  Because Rule 59(e) demands more, the Court cannot reconsider its memorandum opinion based on the arguments Mr. Wilson has offered.

If he decides to appeal the Court's ruling to the United States Court of Appeals for the Eleventh Circuit, information about proceeding *pro se* at the Eleventh Circuit may be found on the Eleventh Circuit Court of Appeals' website.  *See* PRO SE FORMS AND INFORMATION, UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, https://www.ca11.uscourts.gov/pro-se-forms-and-information (last visited May 3, 2021).  The Office of the Clerk of the Eleventh Circuit Court of Appeals has prepared a document titled "Preparing an Appeal – Pro Se Appellants" containing the information Mr. Wilson may need to challenge the Court's rulings.  *See* PREPARING AN APPEAL – PRO SE APPELLANTS, UNITED STATES COURT OF APPEALS FOR THE

ELEVENTH                                                                    CIRCUIT,

https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Pro_Se_Handbook

_Final_%28Double_Sided%29_DEC19.pdf (last visited May 3, 2021).

For the reasons above, the Court denies Mr. Wilson's motion for

reconsideration.

**DONE** and **ORDERED** this May 6, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE